UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELAWARE HOME FURNISHINGS, LLC | : | |
| d/b/a Drexel Heritage Delaware | : | Case No. 09-12867 (CSS) |
| | : | |
| Debtor. | : | |
| | : | **Proposed Hearing Date: October 23, 2009 at 11:30 a.m.** |
| | : | **Proposed Objections Due: October 20, 2009 at 4:00 p.m.** |

# MOTION TO SHORTEN NOTICE PERIOD AS TO THE ACTING UNITED STATES TRUSTEE'S MOTION FOR ENTRY OF AN ORDER CONVERTING THIS CHAPTER 11 CASE TO CHAPTER 7

Roberta A. DeAngelis, the Acting United States Trustee for this District ("U.S. Trustee"), by and through her counsel, hereby files, pursuant to Bankruptcy Rule 2002 and Local Bankruptcy Rule 9006-1(e), her Motion to Shorten the Notice Period as to the Acting United States Trustee's Motion for Entry of an Order Converting this Chapter 11 Case to a Chapter 7 (the "Conversion Motion"), and in support thereof respectfully represents as follows:

1.  Pursuant to 28 U.S.C. § 586, the U. S. Trustee is charged with the administrative oversight of cases commenced pursuant to Title 11 of the United States Bankruptcy Code. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U. S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U. S. Trustee as a "watchdog").

2.  The U.S. Trustee has standing to be heard regarding this matter. 11 U.S.C. § 307.

3. The U.S. Trustee respectfully requests that this Court shorten the notice period for the Conversion Motion in order for it to be heard at the next scheduled omnibus hearing on October 23, 2009.

4. The U.S. Trustee asserts that expedited consideration of the Conversion Motion is necessary because the serious allegations in the Conversion Motion of gross mismanagement and substantial and continuing loss to the estate and the value of the Debtor's assets should be heard as soon as possible. Moreover, certain matters that bear on the Conversion Motion are scheduled to be heard at the October 23 hearing, including the Debtor's Motion for Entry of an Order Authorizing the Assumption of the Letter Agreement Dated March 13, 2009 with AP Consulting, LLC, as Amended September 1, 2009, which the U.S. Trustee has objected to.

4. As set out in detail in the Conversion Motion, the U.S. Trustee requests that the Court convert this case to Chapter 7 because the Debtor has no control over estate funds, which demonstrates both gross mismanagement and a substantial and continuing loss to or diminution in the value of the estate. Additionally, certain aspects of the business, including substantial salaries and perks to Insiders, evidence gross mismanagement. Finally, the Debtor does not have adequate internal controls related to its business operations and accounting systems.

5. For these reasons, among others, the U.S. Trustee believes that the appointment of an independent fiduciary through conversion of this case to Chapter 7 is in the best interests of the creditors and this estate. This Motion to Shorten is necessary because it is important for these allegations to be presented to the Court as soon as possible. The U.S. Trustee believes that conversion and appointment of an independent trustee should happen immediately in order to protect and preserve the assets of this estate.

6. No parties in interest are prejudiced by shortening the notice period and having the Conversion Motion heard on the next available omnibus hearing date. The Debtors and other parties sill have fourteen (14) days notice before the Conversion Motion is heard (only six days less than what is required under Bankruptcy Rule 2002). The U.S. Trustee suggests a flexible response deadline of October 20, 2009.

**WHEREFORE**, for the foregoing reasons, the Acting United States Trustee respectfully requests that this Court enter an order shortening the notice period as it relates to the Acting United States Trustee's Motion for Entry of an Order Converting this Chapter 11 Case to a Chapter 7, and scheduling a hearing on that motion for October 23, 2009 at 11:30 a.m.

Respectfully submitted,

ROBERTA A. DEANGELIS
Acting United States Trustee

BY: */s/ David M. Klauder*
David M. Klauder
Trial Attorney
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 fax

Dated: October 9, 2009